IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| v. | |
| WENDELL WHITAKER | NO.  14-393 |

DuBois, J.                                                                                                       December 18, 2020

**M E M O R A N D U M**

I.      INTRODUCTION

Presently before the Court are *pro se* defendant Wendell Whitaker's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") and Motion for a Judicial Recommendation to the Federal Bureau of Prisons for 12 Months of RRC Placement under 18 U.S.C. § 3624 ("Motion for Judicial Recommendation").  For the reasons that follow, the § 2255 Motion is dismissed and denied; the Motion for Judicial Recommendation is dismissed without prejudice to *pro se* defendant's right to final an amended motion closer to the time by which he becomes eligible for placement in a Residential Reentry Center.

II.     BACKGROUND

On May 23, 2014, *pro se* defendant was found by Philadelphia police in possession of a loaded firearm.  Gov't's Resp. 1.  *Pro se* defendant was charged in a one-count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  *See* 18 U.S.C. § 922(g)(1) ("It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . [to] possess in or affecting commerce, any firearm or ammunition.").  Specifically, *pro se* defendant had previously pled guilty to three felonies: (1) on May 19, 2008 to possession of a controlled substance with intent

to deliver, for which he was sentenced to four to ten years' imprisonment; (2) on June 12, 2007 to carrying firearms in public without a license, for which he was sentenced to three years' probation and, after probation was revoked, to three to eleven-and-a-half years' imprisonment; and (3) on January 7, 2009 to possession of a controlled substance with intent to deliver and criminal conspiracy, for which he was sentenced to three to seven years' imprisonment. He served over five years in prison on concurrent sentences. *Id.* at 6.

On January 30, 2015, *pro se* defendant pled guilty to the one-count indictment charging a violation of § 922(g)(1). The elements of a § 922(g) charge at that time were: (1) defendant knowingly possessed a firearm; (2) defendant was a member of a class of persons prohibited from possessing firearms; and (3) the firearm was involved in interstate commerce. 18 U.S.C. § 922(g)(1); Document No. 27 at 1 ("Plea Memorandum"). Those were the elements of the crime charged covered by the indictment and *pro se* defendant's plea agreement. Document No. 1 at 1 ("Indictment"); Plea Memorandum at 1.

On September 9, 2015, the Court sentenced *pro se* defendant to, *inter alia*, eighty-four months' imprisonment. He appealed the sentence on September 17, 2015, and the appeal was dismissed pursuant to Federal Rule of Appellate Procedure 42(b) on April 13, 2016. He is currently serving his sentence at Federal Correctional Institute Oxford in Oxford, Wisconsin. The Government reports his estimated release date is August 4, 2022.

On June 21, 2019, the Supreme Court ruled in *Rehaif v. United States* that a conviction under § 922(g) requires the government to "show that the defendant knew he possessed a firearm *and also that he knew he had the relevant status* when he possessed it." 139 S. Ct. 2191, 2194 (2019) (emphasis added). Under *Rehaif*, the defendant must know he is a member of the class, not that he was aware the class was prohibited from possessing firearms. That means that, to

obtain a conviction under § 922(g)(1) at present, the government must prove a defendant knew he had been convicted of a crime punishable by a term of imprisonment for a term exceeding one year.

The *Rehaif* requirement that a defendant know he was a convicted felon was not an element of a § 922(g) charge at the time *pro se* defendant pled guilty.  As a consequence, neither the indictment nor *pro se* defendant's guilty plea agreement mention knowledge of his status as a person who had been convicted of "a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1).  Indictment at 1; Plea Memorandum at 1; Gov't's Resp. 2.

*Pro se* defendant filed the § 2255 Motion on May 14, 2020.  In the Motion, he asserts two grounds for vacating his sentence based on *Rehaif*.  First, he argues the indictment was insufficient because it did not allege he knew of his status as a convicted felon, thereby violating his Sixth Amendment rights.  The Court notes at the outset that this argument appears to be based on a violation of the Fifth Amendment right to be free from prosecution absent a grand jury indictment and will treat it as such.  Second, he claims his plea agreement did not state that he knew of his status as a convicted felon, and, as a consequence, his guilty plea was not entered knowingly and intentionally, a violation of his Sixth Amendment rights.  Def.'s Mot. at 4.  *Pro se* defendant filed his Motion for Judicial Recommendation on June 1, 2020.  In it, he requests that the Court make a recommendation to the Bureau of Prisons ("BOP") that he receive twelve months of placement in a residential reentry center ("RRC").  The Government responded to both Motions on July 14, 2020.  The Motions are thus ripe for decision.

### III.  LEGAL STANDARD

#### A.  § 2255 Motion

A defendant in federal custody may file a § 2255 motion to vacate, set aside, or correct a sentence within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).[1] However, a motion under 28 U.S.C. § 2255 cannot be used as a substitute for a direct appeal. *Gov't of the Virgin Islands v. Nicholas*, 759 F.2d 1073, 1074 (3d Cir. 1985). Accordingly, claims that could have been, but were not, raised on direct appeal, are procedurally defaulted and may not be raised in collateral proceedings under § 2255. *United States v. Frady*, 456 U.S. 152, 164–65 (1982); *United States v. Essig*, 10 F.3d 968, 978–79 (3d Cir. 1993).

Procedural default may be excused if a defendant can demonstrate cause and prejudice for the default or a fundamental miscarriage of justice. *Frady*, 456 U.S. at 168; *cf. Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L.Ed.2d 640 (1991). A defendant may demonstrate cause where the defaulted issue was "so novel that its legal basis [was] not reasonably available" at the time of default. *Reed v. Ross*, 468 U.S. 1, 15 (1984). A claim is "not reasonably available" when the Supreme Court "explicitly overrule[s] one of its precedents" or "overturn[s] a longstanding and widespread practice to which [the] Court ha[d] not yet spoken, but which a near-unanimous body of lower court authority ha[d] expressly approved."

---

[1] A defendant may also file a § 2255 motion within one year of the "date on which the judgment of conviction becomes final"; "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action"; or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f). *Pro se* defendant's judgment of conviction became final on April 13, 2016, more than one year before he filed the pending Motion, and he does not argue that he was prevented from filing the Motion due to any government action or that there is new factual evidence supporting his claim. As such, the Motion is not timely under any of these provisions.

*Id.* at 17. However, "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley v. United States*, 523 U.S. 614, 623 (1998). A defendant may establish prejudice by showing that the alleged error worked to the defendant's "actual and substantial disadvantage." *Frady*, 456 U.S. at 170. In the context of a guilty plea, a defendant "must show that there is a reasonable probability that but for [the] errors, he would not have pleaded guilty and would have instead insisted on going to trial." *Hill v. Lockhart*, 475 U.S. 52, 59 (1985).

To show a fundamental miscarriage of justice, a defendant must present new evidence that he is actually innocent of the crime for which he has been convicted. *Cristin v. Brennan*, 281 F.3d 404, 412 (3d Cir. 2002). To establish actual innocence, the defendant must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

### B. Motion for Judicial Recommendation

Under 18 U.S.C. § 3624, the BOP "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community," such as at an RRC. Pursuant to 18 U.S.C. § 3621(b), the BOP has discretion to "designate the place of the prisoner's imprisonment" after considering several enumerated factors. One such factor permits a sentencing court to make a recommendation to the BOP concerning "a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4).

## IV.   DISCUSSION

### A.  § 2255 Motion

*Pro se* defendant argues his conviction under 18 U.S.C. § 922(g)(1) must be vacated in light of *Rehaif* for two reasons.  First, he argues that "[t]he Government failed to prove [he] knew that he belonged to the relevant class of persons barred from possessing firearms in its presentation to the Grand Jury."  Def.'s Mot. 4.  As a consequence, p*ro se* defendant claims his indictment was defective, violating his constitutional right to be free from prosecution without a valid grand jury indictment.  Second, he argues his plea agreement does not contain an admission that he knew he was in the class of persons prohibited from possessing firearms under § 922(g)(1).  *Id.*  Thus, *pro se* defendant claims his guilty plea "was not made knowingly and intentionally as to the elements of the offense he was plea[d]ing to."  *Id.*  He alleges this violated his "Sixth Amendment right[] to be informed of the nature and cause of the offense he was charged with."  *Id.*  In response, the Government argues plaintiff's arguments are procedurally defaulted and, therefore, cannot be raised on collateral review.  The Court agrees with the Government on this issue.

As a preliminary matter, *pro se* defendant's Motion was timely filed.  *Pro se* defendant seeks relief based on *Rehaif*, which was decided on June 21, 2019.  Because the pending Motion was filed on May 14, 2020, within one year of the *Rehaif* decision, the Motion is timely if *Rehaif* recognized a new right that is retroactively applicable to cases on collateral review.  In its Response, the Government concedes that *Rehaif* recognized a new right and applies retroactively to *pro se* defendant's Motion.  Gov't's Resp. 2-3 ("Whitaker permissibly pursues the issue under Section 2255, which allows relief where a court decision changing the law after the conviction

makes clear that the 'conviction and punishment were for an act that the law does not make criminal.' *Davis v. United States*, 417 U.S. 333, 346 (1974).").[2]

*Pro se* defendant did not raise the Fifth and Sixth Amendment arguments in his direct appeal, and so they are procedurally defaulted. As such, he must show either cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default.

*Pro se* defendant alleges he did not raise these issues in his direct appeal because the argument "was not available until the Supreme Court[']s decision in [*Rehaif*]."[3] Def.'s Mot. 4. However, regardless of whether the argument was available to *pro se* defendant, he has not shown prejudice attributed to the procedural default. *Pro se* defendant has not argued, nor could he reasonably argue, that "there is a reasonable probability that but for [the] errors, he would not have pleaded guilty and would have instead insisted on going to trial." *Hill v. Lockhart*, 475 U.S. 52, 59 (1985). At the time of this offense, *pro se* defendant had been convicted of three separate offenses for which he was sentenced to "imprisonment for [terms] exceeding one year." 18 U.S.C. § 922(g)(1). He spent over five years in prison on concurrent sentences for the convictions. Thus, there is no reasonable probability that *pro se* defendant would not have pled

---

[2] The Court observes there is a "growing dispute among district courts concerning whether *Rehaif* is in fact retroactive." United States v. Roberts, No. 15-cr-387, 2020 WL 6700918 (E.D. Pa. Nov. 13, 2020). However, the Court need not answer the question of retroactivity in this case. The Government concedes that *Rehaif* applies retroactively to *pro se* defendant's Motion. Gov't's Resp. 2-3. Retroactivity is not jurisdictional and is, therefore, waivable. United States v. Bendolph, 409 F. 3d 155, 164 (3d Cir. 2005).

[3] In its Response, the Government argues that *pro se* defendant is unable to establish cause for the procedural default because his argument was available and, in fact, "was thoroughly and repeatedly litigated in the courts of appeals over the last three decades." Gov't's Mot. at 3. Although the Court notes that "[t]he issue had been litigated in a number of circuit courts for decades," United States v. Saunders, No. 10-cr-442, 2020 WL 5569785, at *4 (E.D. Pa. Sept. 17, 2020), cause for procedural default exists if the argument would be contrary to "a longstanding and widespread practice to which [the] Court ha[d] not yet spoken, but which a near-unanimous body of lower court authority ha[d] expressly approved." *Reed*, 468 U.S. 1 at 17. Justice Alito wrote in his dissent in *Rehaif* that the decision "overturn[ed] the long-established" and "universal" interpretation of § 922(g) that had "been adopted by every single Court of Appeals to address the question" and "used in thousands of cases for more than 30 years." *Rehaif*, 139 S. Ct. at 2201-02 (Alito, J. dissenting). Whether cause for the default exists presents "a close question" that ultimately the Court need not answer in this case. *Roberts*, 2020 WL 6700918, at *4. Even if *pro se* defendant is able to establish cause, he cannot establish prejudice resulting from the procedural default.

guilty and instead would have insisted on proceeding to trial in order to require that the Government prove this element. *See Roberts*, 2020 WL 6700918 ("Given [defendant's] prior felony convictions, and given the fact that he had spent well over a year in prison prior to his June 2015 arrest, it is implausible that [defendant] was unaware at the time of his offense that he had been convicted of a crime punishable by imprisonment of over a year, or that the Government would have been unable to prove this fact beyond a reasonable doubt."); *Saunders*, 2020 WL 5569785, at *4 ("There can be no doubt that [defendant] knew of his conviction of a crime punishable by a term of imprisonment exceeding one year as he had served a term of imprisonment in excess of that amount of time."). Accordingly, the court concludes *pro se* defendant is unable to establish cause and prejudice for the procedural default.

Because *pro se* defendant has not shown cause and prejudice, his procedural default may be excused only by a fundamental miscarriage of justice. *Pro se* defendant does not argue that he is actually innocent of the crime charged, nor could he reasonably do so. Any attempt to show actual innocence would fail for the reason that *pro se* defendant is unable to show prejudice: he received three sentences of over one year imprisonment and served over five years in prison. As such, *pro se* defendant cannot show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327; s*ee also Saunders*, 2020 WL 5569785, at *5 ("No reasonable juror would ever find that [defendant] did not know that he had spent over two years in prison before he possessed a firearm."). Accordingly, the Court concludes *pro se* defendant's conviction is not a fundamental miscarriage of justice.

### B. Motion for Judicial Recommendation

In his Motion for Judicial Recommendation, *pro se* defendant requests that the Court recommend to the BOP that he receive the maximum twelve months of RRC placement. Mot. Jud. Recommendation 5. To support the Motion, he highlights several of his accomplishments and contributions to various activities and programs during his incarceration. *Id.* In response, the Government argues that *pro se* defendant "is not even eligible for RRC placement for another year, and no determination need be or should be made at the present time, before seeing what transpires over the next year." Gov't's Resp. 2. The Court agrees with the Government that the Motion is premature.

*Pro se* defendant's estimate release date is August 4, 2022, meaning he is not eligible for RRC placement until August of 2021. The Court concludes it is too early to consider recommending RRC placement for *pro se* defendant. Accordingly, the Motion for Judicial Recommendation is dismissed without prejudice to *pro se* defendant's right to file an amended motion closer to the time by which he will be eligible for RRC placement.

1. **CONCLUSION**

For the foregoing reasons, *Pro Se* Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is dismissed and denied. A certificate of appealability will not issue because reasonable jurists would not debate whether the Motion states a valid claim of the denial of a constitutional right or the propriety of this Court's procedural ruling with respect to defendant's claims. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find

it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."). *Pro se* Defendant's Motion for a Judicial Recommendation to the Federal Bureau of Prisons for 12 Months of RRC Placement under 18 U.S.C. § 3624 is dismissed without prejudice to *pro se* defendant's right to file an amended motion closer to the time by which he becomes eligible for RRC placement.

An appropriate order follows.